802 F.2d 458
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William F. HOLLAND, Rose Holland, et al., Plaintiffs-Appellants,
v.
Ronald L. TOLLE, Charles W. Black, et al., Defendants-Appellees.
 No. 84-3904.
 United States Court of Appeals,
Sixth Circuit.
 Aug. 7, 1986.
 
 Before LIVELY, Chief Judge; KENNEDY and WELLFORD, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant William Holland appeals the district court's dismissal of his Sec. 1983 and pendent state law claims against the Village of Proctorville, Ohio as well as the jury verdict in appellee Tolle's favor, arising out of an officer's use of allegedly excessive force to effect an arrest. On appeal Holland asserts three assignments of error relating to evidentiary matters and jury instructions at trial and claims that he did properly state a cause of action against the village which the district judge allegedly dismissed improperly.
 
 
 2
 On the night of August 5, 1981, appellant William Holland, a diabetic, was at a West Virginia club where he admittedly imbibed three drinks or cocktails . According to Holland's testimony, he left the club at 10:30 p.m. to return to his home in nearby Proctorville, Ohio because of an insulin reaction. Holland claimed that he returned home without incident.
 
 
 3
 Paul Flodder completely contradicted Holland's testimony that Holland returned home without incident. Flodder claimed that Holland first tailgated his car, then passed him at high speed, whereupon Holland slammed on his brakes as soon as he pulled in front of Flodder's car. After Flodder passed Holland, Holland began again to tailgate Flodder's car. Once in Proctorville, Flodder found a Proctorville police officer and reported the highway episode, identifying the vehicle involved. Roland Tolle was--the Proctorville officer who received this report.
 
 
 4
 Tolle then began to pursue Holland's car, the one identified by Flodder. Tolle testified that he turned on the police cruiser's flashing lights and activated the siren. Other eyewitnesses agreed that the cruiser's lights were activated, but were unable to verify that the siren was activated.
 
 
 5
 Holland ignored the following police car and proceeded to get out of his car after he parked at his home in Proctorville, a town of less than 1,000 citizens. Holland testified that he told Tolle that he had to get an insulin shot. Tolle advised Holland that he must accompany him to take a breathalizer test. When Holland turned toward the house and ignored Tolle's instruction, Tolle allegedly turned Holland around, hit him with a large flashlight on the forehead and on the leg, thus causing a fractured leg. This version of the incident was corroborated by Holland's wife, and neighbors, Roger Phillips and Edna White, Another witness also testified that Tolle had been told by Holland that he was suffering from an insulin reaction.
 
 
 6
 Officer Tolle testified that the incident happened in an entirely different fashion. Tolle asserted that when he tried to arrest Holland, Holland became verbally abusive, ignoring any attempt to discuss his condition and finally resisting arrest. In attempting to take Holland into custody, Tolle testified that he hit Holland once on the head with a flashlight. when Holland began to fall, Tolle claimed that he tried to assist Holland to the ground. Tolle denied that Holland mentioned that he needed insulin. Edna Clagg, Holland's neighbor, confirmed Holland's abusive conduct. Several witnesses also testified that they saw no injury mark on Holland's leg. Holland's wife, adult daughter, and another of Holland's witnesses claimed to see a mark on the leg indicating a blow in that area. Holland denied that he was abusive or resisted arrest.
 
 
 7
 During and after the incident, several people arrived at the scene. Two paramedics spoke with Holland; one testified that Holland told her that he had fallen, and the other indicated that Holland was belligerent and uncooperative. Holland's adult daughter claimed that Tolle said to let her father lie on the ground and mentioned to her that he had a black belt in karate.
 
 
 8
 The orthopedic surgeon who treated Holland's fractured leg testified that he did not recall nor was there a record of any marks of external trauma to Holland's injured leg. It was obvious that the essential facts were in dispute as to what had taken place before and during Tolle's attempt to take Holland into custody for drunken driving.
 
 
 9
 The Proctorville mayor, Holland's friend, unaccountably dismissed all criminal charges filed against Holland. Holland filed suit in federal district court against Officer Tolle and the Village of Proctorville, asserting Sec. 1983 and state law claims for assault and claimed use of excessive and unnecessary force. The trial judge dismissed plaintiffs'[1] claims against Proctorville, reasoning that Holland had failed to state a cause of action against the Village under 42 U.S.C. Sec. 1983, and as a matter of discretion, dismissed the pendent state law claims. The action against the officer proceeded to trial wherein the jury found for Tolle.
 
 
 10
 Holland now appeals the district court's dismissal of the action against Proctorville; he also assigns as prejudicial errors various trial rulings.
 
 Exclusion of Testimony
 
 11
 During presentation of Holland's case-in-chief, Holland's attorney sought to introduce eyewitness testimony from his younger daughter, a party to the action, and two neighbors. Deeming testimony by all three to be repetitious because Holland's wife and another eyewitness had already testified to the same events, the district judge indicated that he would allow only one of the three to testify during the case-in-chief, reserving for Holland the option of allowing this additional eyewitness testimony on rebuttal. Holland's counsel then selected Roger Phillips, whose testimony corroborated appellant Holland's claims.
 
 
 12
 Defendant Tolle testified about the incident as part of his case-in-chief. He also presented testimony from another of Holland's neighbors, which largely corroborated Tolle's testimony. On rebuttal Holland tried again to call the two remaining eyewitnesses. The court refused to permit both of them to testify, citing the cumulative nature of the proffered testimony. Although refusing to permit Holland's daughter to testify, the trial court did allow the remaining witness, Edna White, to testify to the number of times that Tolle allegedly struck Holland. Plaintiffs' attorney made a very limited proffer about the nature of the witnesses' testimony.
 
 
 13
 Holland contends that the district judge abused his discretion in refusing to hear full testimony from Edna White and in excluding eyewitness testimony from Holland's younger daughter. in exercising his power under Fed.R.Evid. 403 to exclude relevant evidence because of its cumulative nature, a district judge's evidentiary ruling is reviewed for an abuse of discretion. Geders v. United States, 425 U.S. 80, 86-87 (1976). Although we might well have permitted these witnesses to testify, especially the minor plaintiff, we do not find the trial court's exclusion of the witnessses to rise to an abuse of discretion or prejudicial error. similarly, we find no error in the lower court's exclusion of a deposition by Billy Murdock that alluded to an episode which occurred a year before in which Tolle, then a sheriff's deputy, allegedly used excessive force against Murdock.
 
 Rejection of Appellant's Jury Instructions
 
 14
 Next appellant argues that the trial court committed reversible error in refusing to give proffered jury instructions relating to specific factors that a jury may or may not consider in determining whether excessive force was used to effect an arrest or whether probable cause existed. Because the district court gave what we consider to be legally adequate jury instructions, we also find no merit in this assignment of error.
 
 Dismissal of Proctorville from the Lawsuit
 
 15
 Holland's final assignment of error is that the district court erred in dismissing Proctorville from the lawsuit. We need not address the merits of that issue because the jury's verdict in Officer Tolle's favor, in what we deem to have been an essentially fair trial, mooted any claims against Proctorville. Accordingly, we affirm the judgment for defendants entered by the district court.